# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**WILLIAM G. WALLACE,**

      **Petitioner,**

**v.**                         **Case No. 4:16cv484-WS/CAS**

**SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,**

      **Respondent.**
_____/

## REPORT AND RECOMMENDATION

On July 8, 2016, Petitioner William G. Wallace, an inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He also filed a supporting memorandum. ECF No. 2. On April 21, 2017, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 18. Petitioner has filed a reply. ECF No. 25.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The

pleadings and attachments before the Court show the petition is untimely and should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner William G. Wallace indicates he challenges his conviction and sentence entered April 14, 1987, by the Second Judicial Circuit, Leon County, in case number 87-712, following his entry of a nolo contendere plea, for which he served six months jail, followed by two years of probation and which was used to support sentencing as an habitual offender in a subsequent Leon County case, number 98-3591.  ECF No. 1 at 1, 16.  He raises one ground, alleging "Actual Innocence/Miscarriage of Justice/Lack of Subject Matter Jurisdiction," and argues he did not commit the crime at issue in Florida.  *Id.* at 5, 16-17.

Respondent includes, in its answer, an explanation of Petitioner's history of convictions and multiple state post-conviction challenges.  ECF No. 18 at 1-7.  In particular, Respondent indicates, in case number 87-712, Petitioner entered a no contest plea to one count of grand theft of a motor vehicle and was sentenced to two years of probation "for stealing a vehicle in the state of New York and being arrested with it in Florida."  *Id.* at 2.

Respondent explains that Petitioner subsequently filed a "motion to mitigate the sentences [in that case as well as another case, number 86-2448,] from six months of county jail time to jail time credit," and the state court granted the motion. *Id.* Respondent further explains that, in a third case, number 89-815, Petitioner was found guilty after a jury trial of two counts of robbery and, on October 11, 1989, the court sentenced him as an habitual offender to ten (10) years in prison. *Id.*; *see* Ex. G at 95-96.[1]  The conviction in 87-712 was one of the two offenses used for Petitioner's habitual offender designation. ECF No. 18 at 2. In a fourth case, number 98-3591, Petitioner entered a no contest plea to charges of armed robbery with a firearm and resisting an officer without violence; on August 21, 2000, the court sentenced him in that case to concurrent sentences of life in prison as a Prison Releasee Reoffender (PRR) for the armed robbery offense and one year in prison for the resisting offense. *Id.* at 3; Ex. G at 96. Petitioner appealed, and the Office of the Public Defender filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), on his behalf. The First District Court of Appeal (First DCA) affirmed his conviction and sentence on

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 18.

August 20, 2001, without a written opinion.  <u>Wallace v. State</u>, 793 So. 2d

939 (Fla. 1st DCA 2001) (table).

Through counsel, Petitioner filed a Rule 3.850 motion for post-

conviction relief and supporting memorandum.  Ex. A at 1-24.  In addition,

on July 17, 2003, through counsel, Petitioner filed a motion to correct illegal

sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).  *Id.* at

32-40.  Petitioner argued he was improperly sentenced as an habitual

offender in case number 89-815 based on his prior convictions in cases 86-

2448 and 87-712.  Among other things, he argued his sentence in 87-712

was illegal because the Florida state court did not have jurisdiction as the

car was stolen from New York.  *Id.* at 35.  He filed an amended Rule

3.800(a) motion on December 22, 2003, to include his sworn oath.  *Id.* at

97-106.  He filed a second amended motion on February 10, 2004,

submitted alternatively as a petition for writ of habeas corpus.  Ex. B at

236-45.

In an order rendered March 22, 2004, the state trial court denied the

second amended Rule 3.800(a) motion.  Ex. B at 374-77.  The court

summarized Petitioner's case history:

> In case number 87-712, on April 14, 1987, Defendant was
> convicted of grand theft of a motor vehicle and three
> misdemeanors, and was sentenced to two years [of] probation.
> In case number 89-815, Defendant was found guilty by a jury of

two counts of robbery and on October 11, 1989, was sentenced as a habitual offender to 10 years imprisonment with no gain time. One of the two predicate offenses for Defendant's habitual offender status in case number 89-815 was the grand theft conviction in case number 87-712. In case number 98-3591, Defendant plead no contest to armed robbery with a firearm and resisting officer without violence and on August 21, 2000, he was sentenced as a Prison Releasee Reoffender (PRR) to life imprisonment for the armed robbery count and to one year imprisonment for the resisting count, both sentences to be served concurrently. Pursuant to the PRR Act, Defendant was sentenced as a PRR because he committed the armed robbery offense in 1998 within three years of being released from a state correctional facility after serving his 1989 sentence. § 775.082(9), Fla. Stat.

*Id.* at 374. The court explained that on October 20, 2003, an evidentiary

hearing took place on Petitioner's post-conviction motions. *Id.* at 375; *see*

Ex. C (hearing transcript). The court set forth Petitioner's claim:

Defendant challenges the validity of his grand theft conviction in case number 87-712 on the basis that the Court did not have territorial jurisdiction over the charged offense because the automobile in question was stolen from New York, not Florida, therefore voiding the judgment. Defendant claims that without the 1987 conviction, he could not have been sentenced as a habitual offender in 1989 because the State did not have the necessary number of felonies to habitualize him without the 1987 conviction. Defendant claims if he had not been sentenced as a habitual offender in 1989, his sentence in case number 89-815 would have been shorter as he would have received a guideline sentence rather than an enhanced habitual offender sentence. Defendant next posits that had this been the case, he would have been released from prison prior to September of 1995, and therefore when he committed the armed robbery in September of 1998, it would have been outside the three-year window required for his sentencing as a PRR in case number 98-3591.

Ex. B at 375-76.  The court ultimately denied Petitioner's claim on the

merits:

> The Court finds Defendant's claim that the trial court in
> case number 87-712 did not have territorial jurisdiction
> completely without merit.  A person is subject to prosecution in
> the State of Florida for an offense he commits, while either
> within or without the state, if the offense is committed wholly or
> partly within the state.  § 910.005(1)(a), Fla. Stat.  An offense is
> committed partly within the state if either the conduct or result
> that is an element of the offense occurs within the state.
> § 910.005(2), Fla. Stat.  Defendant committed the element of
> grand theft of intending to permanently or temporarily deprive
> the owner of his or her property in the State of Florida, and was
> therefore subject to prosecution for that offense in this state.
> § 812.014, Fla. Stat.; Foster v. State, 56 So. 945 (Fla. 1911);
> Levine v. State, 849 So. 2d 455 (Fla. 2d DCA 2003); Jenner v.
> State, 159 So. 2d 250 (Fla. 1st DCA 1964).

*Id.* at 376.

Petitioner appealed the denial of his post-conviction motions to the

First DCA, assigned case number 1D04-2410.  *Id.* at 378-81.  The First

DCA per curiam affirmed the case without a written opinion on May 24,

2005.  Wallace v. State, 908 So. 2d 1063 (Fla. 1st DCA 2005) (table).

On June 2, 2005, Petitioner Wallace, proceeding pro se, filed another

motion to correct sentence pursuant to Rule 3.800(a).  Ex. E at 1-32.  In an

order rendered July 14, 2006, the state trial court again summarized

Petitioner's case history and also explained his claim was previously

decided on the merits.  *Id.* at 69-71.  The court further explained:

"Defendant was specifically ordered not to file any motion in this Court

related to these same issues, finding that . . . his motions were repetitive

and successive."  *Id.* at 72.  Accordingly, the court denied the motion "on

the ground that it is an abuse of process."  *Id.*  Petitioner appealed to the

First DCA, assigned case number 1D06-4376; the First DCA per curiam

affirmed the case without a written opinion on March 6, 2007, and issued

the mandate on April 3, 2007.  Ex. F.

After receiving and considering Petitioner's response to an order to

show cause, on September 19, 2006, the state trial court rendered an order

prohibiting Petitioner from filing additional pro se motions.  Ex. G at 95-97.

Petitioner appealed to the First DCA, assigned case number 1D06-5179;

the First DCA per curiam affirmed the case without a written opinion on

June 30, 2008.  Ex. J.  Petitioner filed a motion for rehearing and a

supplemental motion for rehearing, both of which the First DCA denied by

order on August 29, 2008.  Ex. K.

On July 25, 2007, Petitioner filed a "Motion to the Court for Release

of Order."  Ex. L at 1-6.  In an order rendered August 15, 2007, the state

court denied the motion and directed Petitioner to show cause why he

should not be prohibited from further pro se pleadings.  *Id.* at 7.  Petitioner

appealed to the First DCA, assigned case number 1D07-4750; the First DCA dismissed the case by order on December 18, 2007, for failure to pay the filing fee or submit an order of insolvency. Ex. M.

On September 26, 2011, Petitioner filed a Petition for Writ of Habeas Corpus in state court. Ex. N at 2-10. He filed an amended petition on February 14, 2012. *Id*. at 28-36. An attorney entered an appearance in the case on behalf of Petitioner and adopted all pending pro se filings. *Id*. at 53-54. In an order rendered June 28, 2012, the state trial court treated the petition as a Rule 3.850 motion and denied it. *Id*. at 55-56. Petitioner appealed, pro se, to the First DCA, assigned case number 1D12-3685; the First DCA per curiam affirmed the case without a written opinion on October 22, 2012, Ex. Q, and issued the mandate on December 21, 2012, Ex. S, after denying Petitioner's motion for rehearing, Ex. R.

As indicated above, on July 8, 2016, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, along with a supporting memorandum. ECF Nos. 1 and 2. Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 18. Petitioner has filed a reply. ECF No. 25.

## **Analysis**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA),

there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C.

§ 2244(d)(1).  The period generally runs from "the date on which the

judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review," though there are later commencement

dates.  *Id.* § 2244(d)(1)(A).[2]  The limitations period is tolled for the time

during which a "properly filed" application for relief is pending in state court.

*Id.* § 2244(d)(2).  The time may be equitably tolled, but "only if a petitioner

establishes *both* extraordinary circumstances and due diligence."  Diaz v.

Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, for the state court conviction at issue here, case number

87-712, Petitioner entered a no contest plea on April 14, 1987, resulting in

a grand theft conviction, for which he was sentenced to two years of

probation.  *See* Ex. B at 374.  Petitioner did not file a direct appeal in that

case.  Because his conviction was final long before April 24, 1996, the

---

[2]Later dates which may commence the limitations period are the date on which (1) an
unconstitutional impediment which prevented the applicant from filing is removed; (2)
the constitutional right asserted was recognized by the United States Supreme Court
and made retroactive on collateral review; and (3) the factual predicate for the claim
could have been discovered by due diligence.  28 U.S.C. § 2244(d)(1)(B)-(D).

effective date of AEDPA, the one-year grace period for filing a § 2254
petition began to run on that date.  Wilcox v. Fla. Dep't of Corr., 158 F.3d
1209, 1211 (11th Cir. 1998); *see* Johnson v. United States, 544 U.S. 295,
299 (2005) (acknowledging federal courts of appeal have uniformly given
"prisoners whose convictions became final before AEDPA a 1-year grace
period running from the new statute's effective date").  Nothing indicates
Petitioner filed anything between April 24, 1996, and April 24, 1997, when
the one-year AEDPA limitations period expired.  *See, e.g.*, Downs v.
McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period
according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494
F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).
Accordingly, anything he filed after April 24, 1997, could not toll the AEDPA
limitations period as no time remained within that period.  *See, e.g.,*
Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order
for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his
state collateral petition before the one-year period for filing his federal
habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th
Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that
a properly and timely filed petition in state court only tolls the time

remaining within the federal limitation period.").  As a result, the § 2254 petition filed July 8, 2016, is untimely.

Indeed, Petitioner Wallace acknowledges his filing is untimely and he addresses the issue in his supporting memorandum and reply.  ECF No. 1 at 13; ECF No. 2 at 1; ECF No. 25.  In particular, he argues "the issue under review contains allegations of actual innocence, which, if proven serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup v. Delo, 513 U.S. 298, . . . or expiration of the AEDPA statute of limitations, as it was in McQuiggen v. Perkins, 569 U.S. ___ . . . (2013)."  ECF No. 2 at 1; *see* ECF No. 25 at 2, 4-6.  He also argues his petition alleges the state trial court lacked subject matter jurisdiction and this argument may be raised at any time.  ECF No. 2 at 1; ECF No. 25 at 2-4, 6-8.

In McQuiggin v. Perkins, the U.S. Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" even when the AEDPA time has expired.  133 S.Ct. 1924, 1928 (2013).  The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty

beyond a reasonable doubt.'" *Id.* *See* <u>Gore v. Crews</u>, 720 F.3d 811, 817

(11th Cir. 2013) (explaining U.S. Supreme Court "has not recognized any

equitable exceptions to the statutory bars on habeas petitions when the

petitioner does not make a 'credible showing' of actual innocence" and

Court's "most recent decision on the matter, <u>McQuiggin</u>, reaffirmed that

principle, holding that there is an 'equitable exception' to the statute of

limitations applicable to habeas claims, 28 U.S.C. § 2244(d), but only when

the petitioner presents new evidence that 'shows it is more likely than not

that no reasonable juror would have convicted the petitioner'").  "To be

credible, such a claim requires a petitioner to support his allegations of

constitutional error with new reliable evidence – whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical

evidence – that was not presented at trial."  <u>Schlup</u>, 513 U.S. at 324.

Here, Petitioner Wallace entered a no contest plea, which resulted in

the challenged conviction; he did not proceed to a jury trial.  *See, e.g.*,

<u>Mabry v. Johnson</u>, 467 U.S. 504, 508 (1984) ("It is well settled that a

voluntary and intelligent plea of guilty made by an accused person, who

has been advised by competent counsel, may not be collaterally

attacked."); <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998) ("[T]he

voluntariness and intelligence of a guilty plea can be attacked on collateral

review only if first challenged on direct review.").  Further, Petitioner has not

supported his "actual innocence" allegations with any new reliable

evidence.  Indeed, his allegations concern the same claim he raised in

state court multiple times – that the Florida court did not have jurisdiction

over the grand theft offense because the vehicle was stolen in New York –

and the state court properly rejected it multiple times.  *See* § 812.014, Fla.

Stat. (Supp. 1986); § 910.005 Fla. Stat. (1985);   Foster v. State, 56 So.

945 (Fla. 1911); Levine v. State, 849 So. 2d 455 (Fla. 2d DCA 2003);

Jenner v. State, 159 So. 2d 250 (Fla. 1st DCA 1964).  *See also* ECF No. 25

at 3 (Petitioner asserts, "The crime was conceived and completed in the

State of New York.  Consequently, Wallace is actually innocent of

committing the crime alleged in count one as the grand theft auto was not

committed in Florida, and the crime was complete when it occurred in New

York.").  Moreover, federal courts have dismissed as untimely § 2254

petitions challenging state trial courts' jurisdiction to convict and sentence

petitioners.  *See* Griffin v. Padula, 518 F. Supp. 2d 671, 676-77 (D.S.C.

2007) (dismissing § 2254 petition as untimely and rejecting argument that

AEDPA time limitations did not apply because petition challenged state

court's subject matter jurisdiction:  "[T]here is no exception under the

AEDPA for subject matter jurisdiction claims."); Joseph v. Tucker, No.

4:12cv119-SPM/CAS, 2012 WL 5381513 (N.D. Fla. Nov. 1, 2012); Frazier

v. Crews, No. 2:11cv551, 2013 WL 1856507 (M.D. Fla. May 2, 2013).

### Recommendation

Therefore, it is respectfully **RECOMMENDED** that Respondent's

motion to dismiss, ECF No. 18, be **GRANTED** and Petitioner's § 2254

petition, ECF No. 1, be **DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on August 1, 2017.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.**