IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM G. WALLACE,

 Petitioner,

v.                4:16cv484–WS/CAS

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

 Respondent.

_____

ORDER DISMISSING PETITIONER'S PETITION
FOR WRIT OF HABEAS CORPUS

Before the court is the magistrate judge's report and recommendation (doc. 26) docketed August 1, 2017. The magistrate judge recommends that Petitioner's petition for writ of habeas corpus be dismissed as untimely. Petitioner has filed objections (doc. 27) to the magistrate judge's report and recommendation.

In his habeas petition (filed on July 8, 2016), Petitioner challenges his 1987 state court conviction in Case No. 87–712 for grand theft of an automobile. He pleaded no contest to the charge and did not appeal the conviction. While admitting that he did not file his federal habeas petition within the one-year limitations period

set forth in 28 U.S.C. § 2244(d)(1), Petitioner contends that the habeas limitations period is inapplicable in this instance based on a purported jurisdictional defect in his 1987 Florida conviction for grand theft. Specifically, he contends that the Florida court that took his plea in Case No. 87–712 lacked jurisdiction over a vehicular theft that Petitioner claims was completed in New York.[1]

In this federal habeas case, it matters not—and this court need not decide—whether in 1987 the Florida state court did or did *not* have jurisdiction to take Petitioner's no-contest plea to grand theft.[2] Either way, the result here is the same: Petitioner cannot circumvent the one-year limitations period by now challenging his 1987 criminal conviction on jurisdictional grounds. A number of federal courts, including courts in this district, have dismissed as untimely § 2254 petitions filed outside the one-year limitations period, even though the petitions challenged the state trial courts' jurisdiction to convict and sentence the petitioners.

---

[1] In his petition, Petitioner challenges *only* his 1987 conviction. In his objections to the magistrate judge's report and recommendation, Petitioner asks that his petition be construed an attack on his current life sentence, an enhanced sentence imposed in 2000 in Case No. 98–3591 based in part on his 1987 grand theft conviction. Such request is denied.

[2] *Compare Sanders v. State*, 77 So. 3d 914, 916 (Fla. 4th DCA 2012) (reversing the trial court's denial of the defendant's motion to dismiss for lack of jurisdiction where the defendant's alleged grand theft occurred on an airplane prior to the plane's entrance into Florida territory), *with Foster v. State*, 56 So. 945, 945 (Fla. 1911) (affirming defendant's Florida conviction for theft of property taken in South Carolina but later sold in Florida).

*See, e.g.*, *Jackson v. Sec'y, Dep't of Corrs.*, 206 F. App'x 934, 937 (11th Cir. 2006) ("[Petitioner] filed his petition more than a decade after his conviction [and accordingly] did not satisfy the procedural prerequisites for [habeas] relief, which is a necessary component of a collateral attack even when alleging a [jurisdictional]-type violation"); *Smith v. Thomas*, No. 3:12cv348, 2015 WL 2233121, at *5 (M.D. Ala. May 12, 2015) (noting that "neither the AEDPA [Antiterrorism and Effective Death Penalty Act of 1996] nor federal case law exempts jurisdictional issues from application of the statue of limitations"); *Smith v. Jones*, No. 3:14cv195–MCR/EMT, 2015 WL 521067, at *10 (N.D. Fla. Feb. 9 2015) (noting that "the court has found [no authority] holding that the federal habeas limitations period of § 2244(d)(1) does not apply to petitions alleging jurisdictional defects in the state trial court"); *Joseph v. Tucker*, No. 4:12cv119–SPM/CAS, 2012 WL 5381513, at *1 (N.D. Fla. Nov. 1, 2012) (dismissing petition as untimely and finding that "[t]here is no exception to the § 2254 time limitation for claims raising challenges to the state court's subject matter jurisdiction"); *Davis v. Sec'y, Dep't of Corrs.*, No. 8:09cv702–T–30MAP, 2009 WL 4730548, at *1 (M.D. Fla. Dec. 7, 2009) ("There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter jurisdiction to impose the sentence for the conviction because the

indictment was defective."). Here, Petitioner's 2016 federal habeas petition, challenging a state court conviction that was final in 1987, is untimely and must be dismissed.

Petitioner's "actual innocence" argument does not persuade the court otherwise. As the magistrate judge explained, Petitioner has not established his actual innocence of the grand theft charge to which he pleaded no contest. *See Rozzelle v. Sec'y, Fla. Dep't of Corrs.*, 672 F.3d 1000, 1013 (11th Cir. 2012) (explaining that "actual innocence means factual innocence, not mere legal insufficiency"); *Jones v. Warden*, 683 F. Appx. 799, 801 (11th Cir. 2017) (finding that "a petitioner's argument that the state trial court lacked jurisdiction presents, at most, a claim of legal innocence, not factual innocence, and does not excuse his failure to file his federal petition sooner").

Accordingly, it is ORDERED:

1. The magistrate judge's report and recommendation (doc. 26) is ADOPTED and incorporated into this order.

2. Petitioner's petition for writ of habeas corpus (doc. 1) is DISMISSED.

3. The clerk shall enter judgment stating: "Petitioner's petition for writ of habeas corpus is DISMISSED."

DONE AND ORDERED this ___28th___ day of ___August___, 2017.

s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE